DAVID S. REIDY (SBN #225904)
dreidy@mcguirewoods.com
ADRIAN L. CANZONERI (SBN #265168)
acanzoneri@mcguirewoods.com
MCGUIREWOODS LLP
Two Embarcadero Center
Suite 1300
San Francisco, CA  94111-3821
Telephone:  415.844.9944
Facsimile:  415.844.9922

Attorneys for Defendant,
Navient Solutions, LLC
(*erroneously sued as Navient Solutions, Inc.*)

SCOTT SHUMAKER (SBN #166879)
sshumakerlaw@gmail.com
THE LAW OFFICE OF SCOTT SHUMAKER
1007 7TH St., Suite 306
Sacramento, CA 95814
Telephone:   916.441-2199
Facsimile:    916.441-3229

Attorney for Plaintiff,
Piotr Reysner

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIOTR REYSNER, individually and on behalf of the general public,, <br><br> Plaintiffs, <br><br> vs. <br><br> NAVIENT, INC.; NAVIENT SOLUTIONS, INC; NELLIE MAE CORPORATION; NELLIE MAE A SALLIE MAE STUDENT LOAN COMPANY, <br><br> AND DOES 1 TO 50 <br><br> Defendants. | CASE NO.: 2:17-CV-00641-KJM-KJN <br><br> **STIPULATED PROTECTIVE ORDER** <br><br> Complaint Filed:          March 21, 2017 |

## STIPULATED PROTECTIVE ORDER

To adequately protect material that the parties believe is proprietary and/or confidential, to ensure that protection is afforded only to material that is entitled to it, and to facilitate the prompt resolution of disputes over confidentiality or propriety, pursuant to Fed. R. Civ. P. 26(c),

**IT IS HEREBY ORDERED THAT:**

**1.** **"CONFIDENTIAL" Documents, Materials, and Information.**  This Order shall govern all CONFIDENTIAL (as that term is defined herein) documents produced or exchanged, all written answers, deposition answers and other responses to discovery, and all communications of any kind made by Plaintiff Piotr Reysner ("Plaintiff"), his attorneys, consultants, agents, and representatives; by Defendant Navient Solutions, Inc. ("NSL")[1], its attorneys, consultants, agents, employees and representatives; and other third parties made during the course of the herein litigation.  Subject to the limitations set forth herein, "CONFIDENTIAL" materials shall be the documents or information respectively designated under this Order and any notes, work papers, or other documents respectively containing "CONFIDENTIAL" materials derived from such items. Any party may identify any "CONFIDENTIAL" documents or information as "CONFIDENTIAL" and designate the documents or information as such by affixing thereto a legend of "CONFIDENTIAL" or by designating through another method set forth in this Order or agreed to by the parties. A party may designate documents or information as "CONFIDENTIAL" only to the extent that the party, through counsel, believes such material is confidential because it contains or includes: (1) confidential business or technical information; (2) trade secrets; (3) proprietary business methods or practices; (4) any other competitively sensitive confidential information; (5) personal information[2] including personal financial information about customers

---

[1]  In connection with an internal corporate reorganization, Navient Solutions, Inc. has converted to a Delaware limited liability company, and has changed its name from "Navient Solutions, Inc." to "Navient Solutions, LLC," effective as of January 31, 2017.

[2]  "Personal Information" is limited to persons' names, addresses, social security numbers, bank account numbers, or other information which a reasonably prudent person would consider to be sensitive personal information to which such individual would object to its production.

or applicants other than Plaintiff; (6) information regarding any individual's banking or lending relationships, including, without limitation, information regarding any individual's mortgage or credit history and/or consumer information not otherwise available to the public; and (7) any other categories that are later agreed to in writing by the parties or ordered to by the Court.

**2**.     **Exclusions**.  This Agreement shall <u>not</u> protect as "CONFIDENTIAL" the following documents:

a.     Documents that do not contain (1) confidential business or technical information; (2) trade secrets; (3) proprietary business methods or practices; (4) any other competitively sensitive confidential information; (5) personal information (as defined in fn 2 *supra*), including personal financial information about customers or applicants other than Plaintiff; (6) information regarding any individual's banking or lending relationships, including, without limitation, information regarding any individual's mortgage or credit history and/or consumer information not otherwise available to the public; and (7) any other categories that are later agreed to in writing by the parties or ordered to by the Court.

b.     Pre-litigation correspondence between Plaintiff and Navient or its predecessors, successors, agents, etc, to the extent such correspondence does not contain the information identified in subparagraph "a" above.  If such correspondence contains nominal "CONFIDENTIAL" information (for example: a letter identifying an account balance but also containing bank account numbers), then the party seeking to deem the information protected shall not designate the document "CONFIDENTIAL" but shall instead redact out any protected information;

**3.     Waiver**:   Any party may waive ("Waiving Party") the protections of this Agreement only to the extent that such waiver applies to documents containing "CONFIDENTIAL" information of the Waiving Party.  In the event that the Waiving Party determines that documents marked "CONFIDENTIAL" are validly subject to the waiver provisions herein, the Waiving Party shall communicate its/his intent to deem the document non-CONFIDENTIAL no less than fourteen (14) days prior to its disclosure to a third party.  The non-

STIPULATED PROTECTIVE ORDER

Waiving Party shall then have fourteen (14) days to file a Motion with the Court to designate the documents as "CONFIDENTIAL".

**4.** **Designation of "CONFIDENTIAL" Material.** Documents shall be designated as "CONFIDENTIAL" by stamping them with the word "CONFIDENTIAL" in a manner which will not interfere with their legibility. This designation shall only be used in a reasonable fashion and upon a good faith[3] determination by counsel that a particular document contains non-public information and falls within one of the categories enumerated in Paragraph 1. This designation shall ordinarily be made before or at the same time as the production or disclosure of the material. Because materials described in Paragraph 1 shall be covered by this Order, there shall be no waiver of confidentiality if such materials are inadvertently produced without being stamped "CONFIDENTIAL." Materials already produced in discovery in this litigation may be designated as "CONFIDENTIAL" upon written notice (without stamping), within fourteen (14) days of the entry of this Order, from the party asserting the confidentiality designation to all counsel of record to whom such documents have been produced by notifying the other party of the identity of the documents or information to be so designated. Any of the parties to this action can remove at any time its designation of "CONFIDENTIAL" from any of the documents or information it has previously so designated.

**5.** **Treatment of "CONFIDENTIAL" Information.** Unless otherwise ordered by the Court, "CONFIDENTIAL" material, and any quotes, summaries, charts or notes made therefrom, and any facts or information contained therein or derived therefrom, shall be held in confidence and used by the parties to whom the documents and information are produced solely for the purpose of this case. The parties agree to take reasonable steps to maintain the confidentiality of the documents, information and testimony relating thereto. During the pendency of this litigation,

---

[3] "Good faith" is not satisfied if the primary purpose of designating information "CONFIDENTIAL" is to avoid the embarrassment or dissemination of information which may be deemed an admission of liability. Good faith is only satisfied if the party designating the information "CONFIDENTIAL" concludes that the information falls within the class of documents/information identified in Par. 1 *supra.*

"CONFIDENTIAL" material, including all copies thereof, shall be retained solely in the custody of the parties' attorneys and shall not be placed in the possession of or disclosed to any other person, except as set forth in this Order, as otherwise agreed upon by the parties, or upon leave of Court. Each person to whom "CONFIDENTIAL" material is disclosed pursuant to this Order is hereby prohibited from exploiting in any way such documents or information for his, her or its own benefit, or from using such information for any purpose or in any manner not connected with the prosecution or defense of this case.

**6.** **<u>"Disclosure."</u>** As used herein, "disclosure" or to "disclose" shall mean to divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise communicate "CONFIDENTIAL" material.

**7.** **<u>Permissible Disclosure of "CONFIDENTIAL" Material.</u>** Except by order of this Court, or otherwise as required by law, material designated as "CONFIDENTIAL" (and any notes or documents that reflect or refer to such documents and information) shall not be disclosed to any person other than:

(a) A party hereto;

(b) Counsel employed by a party, or an employee of such counsel, to whom it is necessary that the materials be shown or the information known for purposes of this case;

(c) Any employee or agent of a party to whom the "CONFIDENTIAL" materials are shown for the purpose of working directly on or testifying in connection with this litigation at the request of or at the direction of counsel for such party;

(d) A person retained to assist in this action, such as an investigator, independent accountant, or other technical expert or consultant, who has signed an acknowledgement in the form of Exhibit A hereto, which signed acknowledgment shall be retained by the party who has retained such person;

(e) This Court (or its employees or agents) pursuant to a court filing in connection with this action;

///

STIPULATED PROTECTIVE ORDER

(f)     Any person(s) designated by the Court in the interest of justice, upon such terms as the Court may deem proper; or

(h)     A person who is deposed or who testifies at the hearing in this matter who has signed an acknowledgement in the form of Exhibit A hereto, which signed acknowledgment shall be retained by the party who has compelled such person to testify at a deposition or trial. If the witness refuses to sign such form, the party compelling such testimony shall immediately notify opposing counsel and permit them seven (7) days to seek redress with the Court.

**8**.     **Public Domain Documents.**  If a party obtains documents or information that are properly in the public domain, or from a source other than the party or non-party, these documents are not protected by this Order, regardless of whether such information is also contained in Designated Material pursuant to this Order.

**9.     Review of Own "CONFIDENTIAL" Materials.**  The restrictions of this Order shall not apply to parties, and their employees, attorneys, experts or other authorized agents, when reviewing their own "CONFIDENTIAL" materials.

**10.     Deposition Transcripts.**  Deposition testimony and deposition exhibits containing "CONFIDENTIAL" material shall be covered by this Order. During a deposition taken in this matter, any party may, on the record, designate as "CONFIDENTIAL" portions of the deposition testimony or deposition exhibits. Alternatively, a party may, by written notice to opposing counsel and the court reporter not later than fourteen (14) business days after receipt of the final deposition transcript, designate as "CONFIDENTIAL" any portions of the deposition testimony or deposition exhibits. Until expiration of the above fourteen (14) day period, all final deposition transcripts will be treated as "CONFIDENTIAL" material unless otherwise agreed to in writing by the parties.

**11.     Objections to "CONFIDENTIAL" Designations.**  To the extent that any party contests a designation under this Order, such party shall object to such designation in writing within 30 days of its production in this litigation**.** The parties shall first try to resolve the disagreement in good faith on an informal basis, such as the production of redacted copies. If the parties are unable to reach an agreement regarding the designation, then the party objecting to such

STIPULATED PROTECTIVE ORDER

designation shall file an appropriate motion with the Court for a ruling that the documents or other information shall not be accorded such status and treatment. Any such Motion, unless otherwise stipulated in writing, shall be filed within 30 days of the date of the objecting party's attempt to informally resolve the objection. In the event that such a challenge is made, the party asserting the confidentiality designation shall have the burden of establishing that the designation is proper. Until this Court enters an order changing the designation of such documents or information, such document or information shall continue to be protected as provided by this Order. Should the Court rule in favor of the party objecting to the confidentiality designation, the party asserting the designation shall produce a copy of the document(s) without the "CONFIDENTIAL" designation.

**12.** **Disclosing "CONFIDENTIAL" Material**. If any party wishes to disclose any "CONFIDENTIAL" material beyond the terms of Paragraphs 5-6 of this Order, that party shall provide all other parties with reasonable notice in writing of the request to disclose the materials, unless otherwise required by law. If the parties cannot resolve their disagreement with respect to the disclosure of any designated information, then a party may petition the Court for a determination of these issues. In the event that such a challenge is made, the party asserting the confidentiality designation shall have the burden of establishing that the designation is proper. Such "CONFIDENTIAL" material shall remain "CONFIDENTIAL" as stipulated by this Order until the Court rules on the party's specific petition.

**13.** **Pleadings and Other Court Submissions.** Each party agrees that when filing with Court any papers (including, without limitation, affidavits, memoranda, interrogatory answers or depositions) that disclose directly or indirectly any "CONFIDENTIAL" material, such papers shall be filed under seal in accordance with the Court's local rules and requirements for filing documents under seal.

The parties further recognize the possible need to use documents marked "CONFIDENTIAL" during the trial of this matter. However, the parties agree to take reasonable steps to protect the confidentiality of any trial exhibits so designated to include asking the Court to ensure that any such documents referred to or offered into evidence at trial are filed with the Court

under seal.

**14.** **Document Retention.** After the conclusion of this matter (including the expiration of all appeals), and upon written request, all originals and reproductions of the "CONFIDENTIAL" materials shall be returned to the requesting party within 30 days. Insofar as the provisions of this Order restrict the use of the documents produced hereunder, the Order shall continue to be binding throughout and after the conclusion of this case, including all appeals, except as otherwise set forth herein.

**15.** **Admissibility.** Nothing in this Order shall be construed to limit either party from producing or introducing any document into evidence at public hearing, including but not limited to: Trial, Court Motions, etc . Subject to the Rules of Evidence, "CONFIDENTIAL" materials and other confidential information may be offered in evidence at trial or any court hearing. Any party may move the court for an Order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure of any "CONFIDENTIAL" material. The Court will then determine whether the proffered evidence should continue to be treated as "CONFIDENTIAL" and, if so, what protection, if any, may be afforded to such information at the trial or hearing.

**16.** **Scope of Discovery.** Nothing in this Order shall preclude any party from opposing production of any documents or information, or from seeking further or different relief should future pretrial activities indicate such a need.

**17.** **Client Consultation.** Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to his or her client with respect to this case or from doing anything necessary to prosecute or defend this case and further the interests of his or her client, provided, however, that the attorney shall not disclose any material designated for protection hereunder where such disclosure would be contrary to the terms of this Order.

**18.** **Discretion of the Court.** Nothing in this Order shall apply to, bind, or limit the Court or its employees in the performance of their duties. Notwithstanding any foregoing suggestion to the contrary, the Court shall retain final and complete authority to re-designate any material previously designated as "CONFIDENTIAL" as a public document.

STIPULATED PROTECTIVE ORDER

**19.** **Notice of Breach.** It shall be the obligation of counsel, upon hearing of any breach or threatened breach of this Order by any person, promptly to notify counsel for the opposing and producing parties of such breach or threatened breach. The parties shall make every reasonable effort to mark all discovery containing "CONFIDENTIAL" materials, but the mistaken or inadvertent failure to mark the discovery material, where notice has otherwise been given that it contains "CONFIDENTIAL" materials, shall not exempt it from the provisions of this Order.

**20.** **Litigation Use Only.** All "CONFIDENTIAL" materials produced in this litigation, whether by a party or nonparty, and whether pursuant to the civil rules of procedure, subpoena, agreement or otherwise, and all information contained therein, shall be used solely for the preparation and trial of this action (including any appeals and retrials), and may not be used for any other purpose, including business, governmental or commercial, or any other administrative or judicial proceedings or actions.

**21.** **Subpoena by Other Court or Agencies.** If another court or an administrative agency subpoenas or orders production of "CONFIDENTIAL" materials that a party obtained under the terms of this Order, the party receiving the subpoena shall promptly notify the party or other person who designated the "CONFIDENTIAL" materials of the pendency of such subpoena or order. Any information provided thereto shall not be deemed binding on that Court or Agency unless it/they Order otherwise. Nothing in this Agreement shall be deemed to limit a party's right/obligation to comply fully with subpoenas issued by another Court or Agency.

**22.** **Inadvertent Disclosure Protection.** Review of the "CONFIDENTIAL" materials labeled "CONFIDENTIAL" by counsel, experts, or consultants in the litigation shall not waive the "CONFIDENTIAL" designation or any objections to production. "CONFIDENTIAL" materials inadvertently produced by any party or nonparty through discovery in this action without having been designated as "CONFIDENTIAL" shall be subject to the provisions of this Order to the same extent as if the inadvertent disclosure had not occurred so long as there is reasonable notice to the other party of the inadvertent disclosure. If a producing party inadvertently discloses to a receiving party information that is privileged or otherwise immune from discovery, said producing party

shall promptly, upon discovery of such disclosure, so advise the receiving party in writing and request that the item or items of information be returned. No party to this action shall thereafter assert that such disclosure waived any privilege or immunity. It is further agreed that the receiving party will return such inadvertently produced item or items of information and all copies thereof within fourteen (14) calendar days of receiving a written request for the return of such item or items of information from the producing party.

**23.** **Non-Parties.** Non-parties who are required to produce "CONFIDENTIAL" material in response to a subpoena, and who in good faith believe that such material contains confidential information, may, but not must, rely on this Order and apply it to their production. Absent an agreement by the Parties or a Court Order, this Protective Order shall not protect information obtained from any non-parties.

**24.** **Responsibility of Attorneys.** The attorneys of record are responsible for employing reasonable measures to control, consistent with this Order, the duplication of, access to, and distribution of copies of materials labeled "CONFIDENTIAL." Parties shall not duplicate any such materials except for working copies and for filing in court under seal. The attorneys of record further are responsible for employing reasonable measures to control, consistent with this Order, the dissemination or revelation of confidential information.

**25.** Entry of the foregoing Order is hereby stipulated and agreed to by the following parties, acting through their respective counsel identified below:

///

///

[signatures on following page]

///

///

///

///

///

Dated: September 14, 2017

Respectfully submitted,

*/s/ Adrian L. Canzoneri*
Adrian L. Canzoneri
**MCGUIREWOODS LLP**
TWO EMBARCADERO CENTER
SUITE 1300
SAN FRANCISCO, CA 94111-3821
TELEPHONE: 415.844.9944
FACSIMILE: 415.844.9922
*Attorneys for Defendant*
*Navient Solutions, Inc.*


*/s/ Scott Shumaker*
Scott Shumaker
**THE LAW OFFICE OF SCOTT SHUMAKER**
1007 7TH St., Suite 306
Sacramento, CA 95814
Telephone: 916.441-2199
Facsimile: 916.441-3229
*Attorneys for Plaintiff Piotr Reysner*

**IT IS SO ORDERED, with the clarification that:**

1. The parties are not authorized to automatically file documents with the court under seal. The parties shall comply with the provisions of Local Rules 140 and 141 with respect to sealing or redaction requests.

2. Nothing in this order limits the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial—such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

3. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this stipulated protective order after the action is terminated.

**Dated: September 15, 2017**

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**Agreement Concerning Material Covered by a Stipulated Protective Order entered by the United States District Court, Eastern District of California on the ___ day of _____, 2017.**

The undersigned hereby acknowledges that he or she has read the Stipulated Protective Order entered in the United States District Court, Eastern District of California on the ___ day of _____, 2017, in the action entitled *Piotr Reysner v. Navient, Inc. et al.*, Civil Action No. 2:17-CV-00641-KJM-KJN, that he or she understands the terms thereof, and that he or she agrees to be bound by such terms.

_____

By: _____

Date: _____

**SIGNATURE ATTESTATION**

I, Adrian L. Canzoneri am the ECF User whose identification and password are being used to file the foregoing STIPULATED PROTECTIVE ORDER. I hereby attest that I have obtained the concurrence in the filing of this document from all signatories.

DATED: September 14, 2017          By:   _/s/Adrian L. Canzoneri_
                                                     Adrian L. Canzoneri

**CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2017, a copy of foregoing *STIPULATED PROTECTIVE ORDER* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

Dated: September 14, 2017          By: _/s/Adrian L. Canzoneri_
                                                    Adrian L. Canzoneri