UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PIOTR REYSNER,

    Plaintiff,

v.

NAVIENT SOLUTIONS, INC., et al.,

    Defendants.

No. 2:17-cv-641-KJM-KJN PS

ORDER

INTRODUCTION

    Presently pending before the court is plaintiff Piotr Reysner's motion for leave to file a first amended complaint. (ECF No. 35.) Defendant Navient Solutions, LLC has opposed the motion. (ECF No. 36.) For the reasons discussed below, the court DENIES the motion.[1]

BACKGROUND

    In this action, which was removed to this court on the basis of diversity jurisdiction on March 27, 2017, plaintiff claims that Navient improperly serviced his student loan accounts. (ECF Nos. 1, 18.) Plaintiff initially appeared without counsel, but on May 17, 2017, attorney Scott Shumaker substituted in as counsel for plaintiff. (ECF No. 10.)

---

[1] The court finds the motion suitable for resolution without oral argument pursuant to Local Rule 230(g).

1

Thereafter, on November 8, 2017, the parties filed a joint stipulation for leave to allow plaintiff to file a first amended complaint no later than November 20, 2017. (ECF No. 25.) At a November 9, 2017 pretrial scheduling conference, Judge Mueller advised the parties that she was prepared to adopt the November 8, 2017 stipulation. (See Minutes for Scheduling Conference, ECF No. 26.) In a subsequent pretrial scheduling order, filed on December 22, 2017, Judge Mueller noted:

> The court approved the parties' November 8, 2017 joint stipulation to allow plaintiff to file a First Amended Complaint. (ECF No. 25). An amended complaint was due by November 20, 2017. No further joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown. *See* Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992).

(ECF No. 27 at 1-2.) No first amended complaint was filed by November 20, 2017.

The pretrial scheduling order required all discovery to be completed by April 2, 2018. (ECF No. 27 at 2.) The term "completed" was defined to mean that "all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed." (Id.) Additionally, Judge Mueller emphasized that "the magistrate judge cannot change the schedule set in this order, except that the magistrate judge may modify a discovery cutoff to the extent such modification does not have the effect of requiring a change to the balance of the schedule." (Id.) Finally, according to the pretrial scheduling order, all dispositive motions are required to be heard no later than July 27, 2018. (Id. at 4.) No final pretrial conference or trial date was set.

Subsequently, on February 12, 2018, Judge Mueller permitted Mr. Shumaker to withdraw as counsel for plaintiff, leaving plaintiff to represent himself, and referred the case to the undersigned for further pretrial management. (ECF Nos. 29, 30.) That same day, the undersigned issued a minute order stating:

> In light of the 02/12/2018 referral order, it is hereby clarified that the scheduling dates and provisions set forth in Judge Mueller's 12/22/2017 pretrial scheduling order (ECF No. 27) are CONFIRMED and REMAIN OPERATIVE in this case.

(ECF No. 31.)

On March 23, 2018, plaintiff filed a motion for leave to amend his complaint before Judge Mueller. (ECF No. 32.) In a March 26, 2018 minute order, Judge Mueller directed plaintiff to re-notice the motion before the undersigned. (ECF No. 33.) On April 12, 2018, after plaintiff failed to re-notice the motion, the undersigned denied the motion without prejudice for improper notice. (ECF No. 34.) Plaintiff then filed the instant motion on April 19, 2018. (ECF No. 35.)

LEGAL STANDARD

Generally, leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2); see also Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) (noting that Rule 15(a)(2) is "to be applied with extreme liberality"). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004).

However, once a court has entered a pretrial scheduling order, motions to amend the complaint brought after the applicable deadline in the pretrial scheduling order are controlled by Rule 16(b). Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992). Under Rule 16(b), a case schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); see also Mammoth Recreations, Inc., 975 F.2d at 608 (explaining that a party seeking to amend a pleading after the date specified in the scheduling order must first show good cause for amendment under Rule 16(b); then, if good cause is shown, the party must demonstrate that amendment is proper under Rule 15(a)(2)).

As the Ninth Circuit Court of Appeals has explained:

> A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under Rule 15. Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence or degree of prejudice to the party opposing

3

> the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

Mammoth Recreations, Inc., 975 F.2d at 609 (internal citations and punctuation omitted).

DISCUSSION

Plaintiff moves for leave to file a first amended complaint naming additional defendants and asserting additional claims. In this case, the pretrial scheduling order plainly provides that any amended complaint was due November 20, 2017, and that no further joinder of parties or amendments to pleadings would be permitted without leave of court, good cause having been shown. (ECF No. 27 at 1-2.) Because plaintiff's present motion for leave to amend was filed on April 19, 2018, months after the applicable amendment deadline, it is controlled by Rule 16(b).

According to plaintiff,[2] he did not discover the additional defendants and claims until about July 2017, when his attorney received documents from Navient in discovery. (ECF No. 35 at 10.) As such, the parties stipulated to an amended complaint to be filed no later than November 20, 2017. (Id.) However, an amended complaint was never filed, because plaintiff represents that defendant's counsel purportedly opened up discussions regarding a possible remand to state court. (Id.) After those discussions fell through, the parties renewed discussions regarding an amended complaint, and around December 27, 2017, plaintiff's attorney submitted a proposed amended complaint to Navient's counsel for review. (Id.) Subsequently, Navient refused to stipulate to the filing of the proposed amended complaint, and plaintiff's attorney substituted out of the case on February 12, 2018. (Id.; ECF No. 29.) On March 1, 2018, plaintiff himself directly spoke with Navient's counsel regarding a new stipulation to file an amended complaint, but no agreement was reached. (ECF No. 35 at 10.)

In light of the above, plaintiff has not shown good cause for modifying the scheduling order, because he has not been diligent in seeking leave to amend his complaint. As an initial matter, the discovery that serves as the basis for his proposed amended complaint has been in his

---

[2] The court accepts plaintiff's representations regarding the timeline of events as true only for the limited purpose of resolving the instant motion.

possession for approximately 9 months since July 2017. Furthermore, he provides no legitimate reason for why he was unable to meet the November 20, 2017 amendment deadline. Although plaintiff asserts that the parties were discussing a potential remand to state court, he was represented by counsel at the time who should have been well aware that such informal discussions between the parties did not obviate the need for compliance with court-ordered deadlines. Additionally, when the remand discussions concluded and Navient refused to again stipulate to an amended complaint in December 2017/January 2018, plaintiff's counsel failed to move to modify the scheduling order and amend the complaint prior to his withdrawal on February 12, 2018.[3] Moreover, even after his counsel withdrew, plaintiff did not seek leave to amend his complaint until March 23, 2018, even though the undersigned's February 12, 2018 minute order expressly confirmed the pretrial scheduling order's deadlines. (ECF Nos. 31, 32.) And even then, despite being promptly notified regarding the proper way to notice his motion, plaintiff did not appropriately notice the motion for a hearing until April 19, 2018, almost five (5) months after the amendment deadline.

Consequently, the court finds that plaintiff was plainly not diligent, and the inquiry should end there. Mammoth Recreations, Inc., 975 F.2d at 609-10 ("A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."); see also Hardin v. Wal-Mart Stores, Inc., 2012 WL 2921226, at *4 (E.D. Cal. Jul. 17, 2012) ("To allow a modification of the scheduling order without good cause would render scheduling orders essentially meaningless, and directly interfere with courts' attempts to manage their dockets."); Singh v. Arrow Truck Sales, Inc., 2006 WL 1867540, at *2 (E.D. Cal. Jul. 5, 2006) ("Rules are rules—and the parties must play by them. In the final analysis, the judicial process depends heavily on the judge's credibility. To ensure such credibility, a district judge must often be firm in managing crowded dockets and demanding adherence to announced

---

[3] Although plaintiff was represented until February 12, 2018, he claims to have been well aware of the conduct of the litigation during the time of representation: "Preliminarily, although I am no longer represented by Counsel, I was closely involved in the handling of my case when I was represented. As such, I was privy to conversations between counsels and do in fact have personal knowledge of all facts attested to herein." (ECF No. 35 at 9.)

deadlines. If he or she sets a reasonable due date, parties should not be allowed casually to flout it or painlessly escape the foreseeable consequences of noncompliance.").

However, the existence of prejudice here also militates against modifying the scheduling order. The April 2, 2018 discovery completion deadline has now passed, and the deadline to file dispositive motions is fast approaching. As plaintiff acknowledges, allowing amendment at this late juncture would necessitate the re-opening of discovery, which would undoubtedly delay the action and lead to increased litigation costs for Navient. Moreover, it would also significantly impact the court's schedule. Indeed, by requesting the undersigned to permit the amendment and re-open discovery, plaintiff is also implicitly requesting a change to the balance of the case schedule, including the dispositive motion deadline, which the undersigned is not even authorized to change under Judge Mueller's pretrial scheduling order.

In sum, plaintiff has not shown good cause to modify the operative scheduling order pursuant to Rule 16(b), because (1) plaintiff was not diligent in seeking amendment of his complaint, which in itself ends the inquiry, and (2) the resulting prejudice to Navient and impact on the court's schedule further militate against modification of the scheduling order. Also, because plaintiff has failed to meet his initial burden under Rule 16(b), the court need not proceed to analyze plaintiff's motion under Rule 15(a)(2). Mammoth Recreations, Inc., 975 F.2d at 608.

CONCLUSION

For the foregoing reasons, plaintiff's motion for leave to amend is DENIED.

This order resolves ECF No. 35.

Dated: May 15, 2018

_/s/ Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE